OPINION
Appellant Trudy Williamson appeals a judgment of the Coshocton Municipal Court convicting her of defrauding a livery (R.C.2913.41
(C)):
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED BY NOT PERMITTING THE JURY TO BE INFORMED OF THE CONTENT AND WORDING OF THE COMPLAINT TO WHICH THEY WERE TO FIND THE DEFENDANT GUILTY OR NOT GUILTY "AS CHARGED IN THE COMPLAINT".
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ABUSED ITS DISCRETION BY PROHIBITING DEFENSE COUNSEL FROM READING THE COMPLAINT AGAINST THE DEFENDANT TO THE JURY IN HIS CLOSING ARGUMENT.
 IT WAS AN ABUSE OF DISCRETION TO INSTRUCT THE JURY TO ARRIVE AT A VERDICT OF GUILTY OR NOT GUILTY "AS CHARGED IN THE COMPLAINT" WITHOUT INFORMING THE JURY OF THE CONTENT OF THE COMPLAINT.
On April 10, 1999, appellant and her boyfriend, Darryl L. Barker, rented a room at the Roscoe Motor Inn in Coshocton. Mr. Barker is a truck driver for Trans Service Logistics. The couple had driven to Coshocton from Georgia. While in the motel room, the couple drank beer and played cards. At about 10:30 p.m., Mr. Barker left the motel to get some things from his truck. The truck was parked at Trans Service Logistics' terminal. Mr. Barker fell asleep in his truck. Appellant became angry when Mr. Barker did not return, thinking he was with another woman. She called the Coshocton Cab Company, and asked them send a cab to the motel. Hawk Spearman arrived at the motel in a van to pick up appellant. Initially, appellant would not tell Mr. Spearman where she wanted to go; she said that "she was going to kill that SOB for leaving her and the girl he left her for." Spearman then drove to Dairy Mart to pick up some more people. At this time, appellant informed him that she wanted to go the Trans Service lot. Appellant was visibly intoxicated. She was "all over" the two men who got into the van at Dairy Mart, and tried to get them to go with her to her motel room. Spearman drove appellant to the Trans Service terminal. She looked around the lot, and said, "The SOB is not here." She did not want to get out of the van to look for Mr. Barker. She then asked to go back to the motel. Spearman drove appellant back to the motel. When they pulled into the parking lot, she threw a pack of cigarettes on the dash and said it should cover his services. She stated that she had no money, and could not pay him the fair of $8.25. She made no mention of paying later, or that her boyfriend would pay the cab fare when she located him. Spearman called his supervisor, who advised him to call the police. The police came to the motel and went to appellant's room. When they asked her about the cab fare, she said she had a pack of cigarettes, did not have any money, and the cigarettes should be enough to cover the charge. She kept repeating that the cigarettes should be enough. She was very belligerent, swinging at the police and trying to run. The officers took her to police station. When Mr. Barker returned to the motel the next day, the front desk said that appellant left a message that he should come to the police station to pick her up. Appellant was charged with defrauding a livery. Initially, she was charged with a violation of R.C.2913.41(A). The State later amended the complaint to allege a violation of R.C. 2913.41 (C). The case proceeded to jury trial in the Coshocton Municipal Court. At trial, appellant testified that she knew she did not have the money to pay for the cab fare, but planned to get it from her boyfriend. She also claimed that she told the driver she would pay him later. Appellant was convicted as charged. She was fined $400, and sentenced to 30 days incarceration.
 I
Appellant argues that the court erred in refusing to inform the jury of the wording of the complaint, as the jury ultimately found appellant guilty as charged in the complaint. Appellant argues that the wording of the complaint made "absconding without paying the hire or rental" an element of the offense. The amendment to the complaint reads: On or about the 11th day of April, 1999 at the County of Coshocton, State of Ohio one Trudy B. Williamson did with purpose to defraud or knowing that the person was facilitating a fraud, hire a motor vehicle and abscond without paying the hire or rental in violation of section 2913.41 (C) of the Ohio Revised Code.
The relevant portion of R.C. 2913.41 reads: In a prosecution of a person for a theft offense that alleges that the person, with purpose to defraud or knowing that the person was facilitating a fraud, hired a motor vehicle, it is prima facie evidence of purpose to defraud if the person did any of the following:
 (C) Absconded without paying the hire or rental. The State cannot change the statutory elements of the offense merely by the wording of the complaint. It is clear from the statute that absconding without paying the hire or rental is not an element of the offense, but rather is prima facie evidence of purpose to defraud. The elements of the offense are that the person, with purpose to defraud or knowing that the person was facilitating a fraud, hired a livery. The amendment did not make absconding an element of the offense, but merely put appellant on notice that the State intended to rely on this statutory provision to establish a prima facie case of purpose to defraud. The trial court correctly interpreted the statute, and correctly instructed the jury regarding the use of evidence of absconding. The court did not err in failing to read the complaint to the jury. The first assignment of error is overruled.
 II
Appellant first argues that the court abused its discretion by prohibiting defense counsel from reading the complaint to the jury during closing argument. It is apparent from the record that counsel intended to read the complaint to argue that the jury had to find that she absconded without paying the hire or rental in order to find her guilty of defrauding livery. As stated above, this is an incorrect interpretation of the law. The court did not abuse its discretion in preventing counsel for appellant from misleading the jury as to the law. Appellant also argues that the court abused its discretion by instructing the jury to arrive at a verdict as charged in the complaint, without informing the jury of the content of the complaint. The trial court properly instructed the jury that the jury must find beyond a reasonable doubt that appellant, with purpose to defraud or knowing that she was facilitating a fraud, hired a motor vehicle. Tr. 115. The court then instructed the jury that purpose to defraud is an essential element of crime, defining purpose for the jury. Tr. 115-16. The court properly instructed the jury that they may find that appellant had a purpose to defraud if they found beyond a reasonable doubt that she absconded without paying the hire. Tr. 117. The court defined the word abscond. Id. The court clearly instructed the jury in accordance with relevant law. The court did not abuse its discretion in failing to read the wording of the complaint. The mere fact that appellant was found guilty "as charged in the complaint" does not require that the complaint's exact wording be read to the jury. The second assignment of error is overruled.
The judgment of the Coshocton Municipal Court is affirmed.
 ________________________ Gwin, P.J.,
Farmer, J., and Wise, J., concur